IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHERI L. KANIEWSKI,
    Plaintiff,

vs.

ANDREW SAUL,
Commissioner of Social Security,
    Defendant.

CIVIL ACTION NO. 1:19-cv-00132-JMV

**ORDER**

    Before the Court are Plaintiff's motion for approval of $9,522.93 in attorney fees pursuant to 42 U.S.C. § 406(b) [22] and Defendant's response [24]. For the reasons set out below, Plaintiff's request for approval of payment to counsel in the amount of $9,522.93 from past-due benefits will be granted.

    On July 9, 2019, Sheri Kaniewski filed a complaint for judicial review [1] in this Court to challenge the Commissioner's decision denying Plaintiff's application for disability benefits. By Order [17] dated December 30, 2019, and a Final Judgment [18] entered the same day, this Court granted the Commissioner's motion to remand this action to the Social Security Administration (the "agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel was awarded a fee of $4,419.57 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), by Order [21] dated March 3, 2020.

    Following the Court's reversal and remand, the Commissioner issued a favorable decision and, on May 2, 2021, issued a Notice of Award of past-due benefits in the amount of $79,770.00. Consistent with a contingency fee agreement, Plaintiff now effectively seeks

approval under § 406(b) of payment of an award of $13,942.50 (minus a credit to Plaintiff for the prior EAJA award, $4,419.57). In his response to the motion, the Commissioner states he "declines to assert a position on the reasonableness of the request, as she [sic] is not the true party in interest" and "may not stipulate as to the reasonableness of counsel's requested fee." Def.'s Resp. 1. Notwithstanding any position asserted by the Commissioner, the Court finds the fee request in this case is reasonable.

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). Section 406(b), however, "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 806-807. Nevertheless, agreements that provide for fees exceeding

2

twenty-five percent of past-due benefits are unenforceable. *Id.* But even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

Here, Plaintiff effectively requests approval of an award of $13,942.50, payable to Plaintiff's counsel from Plaintiff's past-due benefits.[1] Several factors weigh in favor of a finding that the fee request is reasonable in this case.[2] First, Plaintiff states a contract with counsel provides the attorney has the right to request an award of 25% of past-due benefits for representing Plaintiff in court. Second, counsel for Plaintiff is an experienced Social Security attorney, achieved a fully favorable result for his client before this Court and before the agency, and has not been responsible for any delay in this matter. Third, the Fifth Circuit Court of Appeals and district courts in this circuit have acknowledged the contingent nature or high risk of loss inherent in Social Security appeals.[3] Finally, the actual fee requested, $13,942.50, amounts to only approximately 17.48% percent of the claimant's past-due benefits and, consequently, does not offend § 406(b)(1)(A)'s ceiling on fees.

Therefore, it is ORDERED that Plaintiff's petition for approval of an award of attorney fees is GRANTED, **and payment to counsel for Plaintiff from Plaintiff's past-due benefits**

---

[1] In Plaintiff's EAJA petition [19], Plaintiff submitted proof of counsel's having performed 22.20 hours of work on this case before this Court. Accordingly, the instant request seeks approval of an effective hourly rate of $628.04 ($13,942.50/22.20). For the reasons set out herein, this rate is not unreasonable.

[2] The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award constitutes a "windfall" to the attorney. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)).

[3] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n.9 (5th Cir. 2010).

**in the amount of $9,522.93 is approved.** It is further ORDERED that counsel for Plaintiff is not required to refund Plaintiff the prior EAJA award.[4]

SO ORDERED this 2nd day of June, 2021.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[4] An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fee to the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). However, in this case, where a fee contract indicates the claimant agreed to accept either a credit or a refund for the prior smaller EAJA award, and there is no objection by Plaintiff to the instant motion, the Court will not require Plaintiff's counsel to refund the prior EAJA award. *Cf. Pettit v. Berryhill*, Cause No. 3:19cv202-JMV (N.D. Miss. February 12, 2021).